UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH LAMONT FRENCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV1654 RLW |
| CENTRAL CREDIT SERVICES, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Lamont French for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court will direct the Clerk of Court to issue process upon the complaint.

### 28 U.S.C. § 1915 (e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson

1

Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* Briefly, Plaintiff alleges that defendants paid a female employee, Jeanne Hawkins, a higher salary for equal work. Plaintiff also alleges that he was subjected to a pattern of retaliation by management officials following his internal complaints of compensation discrimination and harassment. Plaintiff alleges that his immediate supervisor, Glen Becker, emptied trash onto Plaintiff's desk while in the presence of Plaintiff's department. Plaintiff also alleges that he was wrongfully terminated from his employment by Stacy Spradling, the Human Resource Manager for Central Credit Services, on September 23, 2014. Plaintiff alleges that, at the time of his termination, he "had no write-ups and was informed that [he] was being terminated for not getting along with Gus and Kristie." (Docket No. 1 p. 3). Having liberally construed Plaintiff's complaint and weighed all factual allegations in his favor, the Court determines that plaintiff has pleaded a prima facie claim of employment discrimination, and will direct the Clerk of Court to issue process upon the complaint.

Plaintiff has also moved for the appointment of counsel. (Docket No. 4). The motion will be denied without prejudice at this time. The appointment of counsel for an indigent pro se

2

plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 732 F.3d 940, 942 (8th Cir. 2013).

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper County Jail*, 437 F.3d 791, 94 (*internal citations omitted*).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. *See Id.* For example, discovery may not have begun or may have just begun at the time of the request for appointment of counsel, so there is no conflicting testimony. There may be no indication in the record that the plaintiff is unable to investigate or present his case where he correctly identifies the applicable legal standard governing his claims or, for example, successfully amends his complaint to include essential information. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to him. *Id.* at 794.

In this case, the record is currently insufficient to determine, one way or the other, whether the appointment of counsel is appropriate at this time. The claims plaintiff has presented are not complex, and plaintiff has demonstrated himself to be well able to investigate and present his case. However, the Court recognizes that these circumstances may change as discovery takes place. The Court will therefore deny the motion for the appointment of counsel, without prejudice. Plaintiff may re-file such motion if it becomes appropriate to do so at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause process to issue upon the complaint as to all defendants via their Registered Agent, C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

Dated this 1st day of November, 2016.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE