UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH LAMONT FRENCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV1654 RLW |
| | ) |
| CENTRAL CREDIT SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Court Order of Jeanne Hawkins' Tax Transcripts (ECF No. 37) and Motion to Amend Civil Action to Add Missouri Human Right Acts Claims under the Supplemental Jurisdiction Statute (ECF No. 38). The Defendants filed Memoranda in opposition to both motions (ECF Nos. 45, 46). With respect to the motion to amend, Plaintiff subsequently filed a memorandum supporting his claims under the Missouri Human Rights Act ("MHRA"), Title VII, and the Equal Pay Act (ECF No. 48).

On October 24, 2016, Plaintiff filed a Complaint in federal court alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and in violation of the Equal Pay Act, 29 U.S.C.A. §§ 201, *et seq.* According to the Complaint, Plaintiff was an employee of Defendant Central Credit Services (CCS).[1] (Compl. ¶ I, ECF No. 1) He was terminated from employment on September 26, 2014. (*Id.* at ¶ IV) Plaintiff contends that Defendant awarded his successor, a female, a higher salary in violation of the Equal Pay Act and Title VII. (*Id.* at ¶ I) Further, Plaintiff avers that his supervisor created a hostile work

---

[1] Plaintiff avers that Defendant Radius Global Solutions, LLC purchased Defendant Integrity Solution Services, Inc. and changed the name to Central Credit Services. (Compl. ¶ IV, ECF No. 1) Plaintiff has named all three companies as Defendants in this case.

environment in an effort to constructively discharge Plaintiff. (*Id.*) In addition, Plaintiff claims he was subjected to retaliatory harassment for complaining of compensation discrimination and harassment, which resulted in his wrongful termination. (*Id.* at ¶ IV) Plaintiff seeks monetary damages, including punitive damages, from Defendants for intentional compensation discrimination and wrongful termination. (*Id.* at ¶ V)

On June 23, 2017, Plaintiff filed the present Motions for Court Order of Jeanne Hawkins' Tax Transcripts and to Amend Civil Action to Add Missouri Human Right Acts Claims under the Supplemental Jurisdiction Statute. In response, Defendants maintain that they provided Jeanne Hawkins' 2014 and 2015 W-2s, thus mooting the Motion to Compel. Plaintiff has not opposed Defendants' contention, and thus the Court will deny Plaintiff's motion as moot.

With regard to Plaintiff's Motion to Amend to add state law claims under the MHRA, Defendants assert that Plaintiff's request is untimely under the Case Management Order ("CMO") of February 9, 2017, setting forth the deadline to amend pleadings as March 2, 2107. (ECF No. 30) The CMO states that "the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances[.]" Defendants contend that Plaintiff has failed to show the requisite exceptional circumstances in this case.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court should freely grant leave to amend a pleading when justice so requires. "[T]he court has broad discretion and will only deny leave to amend in order to avoid undue delay, where there has been bad faith on the part of the plaintiff, when amendment would be futile or when amendment would result in unfair prejudice to the defendants." *Swider v. Hologic, Inc.*, Civil No. 12-1547 (DSD/AJB), 2012 WL 6015558, at *2 (D. Minn. Dec. 3, 2012) (citation omitted). However, "[w]here a party seeks leave to amend a complaint after the deadline in the applicable case management order has

passed, the [Federal Rule of Civil Procedure] 16(b) good-cause standard applies first, then the 'when justice so requires' standard of Rule 15(a) applies." *Jo Ann Howard & Assoc., P.C. v. Cassity*, No. 4:09-CV-01252-ER, 2014 WL 6607077, at *4 (E.D. Mo. Nov. 19, 2014). "Good cause requires a change in circumstances, law, or newly discovered facts." *Id.* (citing *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

Here, the Court finds that Plaintiff is unable to demonstrate good cause such that amendment of the Complaint is not warranted. Plaintiff filed his motion nearly four months past the deadline for amendment of pleadings and eight weeks before the close of discovery. He provides no reasons for the delay other than he is unable to recover adequate losses under Title VII. His "response" offers no further justification for moving to file an amended complaint at this late juncture, and instead addresses only the allegations and discovery related to his federal claims. Indeed, Plaintiff was aware of his MHRA claims in November, 2016, when the Missouri Commission on Human Rights issued 2 Notices of Right to Sue. (Defs.' Mem. in Opp'n Ex. D, ECF No. 45-4) However, Plaintiff did not request to add the MHRA claims until well-after he received the notices and after the deadline for amending the complaint had expired.

In short, Plaintiff has failed to allege that circumstances have changed since he commenced this action. *See Hartis*, 694 F.3d at 948-49 (denying plaintiffs' motion to amend where plaintiffs were not diligent in seeking to amend their complaint and where they failed to allege a change in the law, discovery of new facts, or any other change in circumstances); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (finding district court properly denied the motion to amend complaint where it was filed ten months after the court entered the scheduling order and seven weeks before the close of discovery and where plaintiff failed to provide a reason why punitive damages could not have been alleged earlier). The Court is cognizant of

Plaintiff's *pro se* status. However, "[a] pro se litigant is bound by the litigation rules as is a lawyer . . . ." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Escobar v. Cross*, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants."). Here, Plaintiff participated in drafting the proposed joint scheduling plan and in the Rule 16 Conference held before this Court. He was fully aware of, and consented to, the dates set forth in the CMO. Plaintiff is responsible as a *pro se* litigant for following all rules and orders, including the CMO. Because his motion to amend fails to comply with the deadline set forth in the CMO, and Plaintiff has failed to demonstrate good cause for such failure, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Civil Action to Add Missouri Human Right Acts Claims under the Supplemental Jurisdiction Statute (ECF No. 38) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Order of Jeanne Hawkins' Tax Transcripts (ECF No. 37) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Compel Responses to Discovery (ECF No. 47) is **GRANTED** to and including July 24, 2017.

Dated this 20th day of July, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE