UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH LAMONT FRENCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV1654 RLW |
| CENTRAL CREDIT SERVICES, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of its record. Plaintiff proceeding *pro se* has requested that the Court serve subpoenas on six witnesses to appear at a deposition scheduled at the law firm of Defendants' counsel. The Court granted Plaintiff's motion in a Docket Text Order dated July 26, 2017 (ECF No. 56). However, upon further consideration, the Court will vacate its previous Order and order Plaintiff to comply with Rule 45 of the Federal Rules of Civil Procedure.

The Court notes that Plaintiff's motion contains the names and addresses of six individuals, along with a date and location for the depositions to take place. Even though Plaintiff is *pro se*, he is still required to comply with the rules of this Court, including the issuance of subpoenas to testify at a deposition in a civil action. Such subpoenas are found on the Court's website. However, for the convenience of the Plaintiff, the Court will order the Clerk of the Court to include six blank subpoena forms with a copy of this Memorandum and Order.

Rule 45 also requires to Plaintiff to specify a method for recording the testimony, which Plaintiff has not provided. Fed. R. Civ. P. 45(a)(1)(B). Further, Plaintiff is required to pay the

1

witness fees for one day's attendance, along with mileage. Fed. R. Civ. P. 45(b)(1). Finally, to the extent that Plaintiff intends to request service by the United States Marshals Service, "[t]he Court has the 'discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings.'" *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009) (quoting *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam)). "This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties. *Id.* (citation omitted).

Courts exercising inherent supervisory power over *in forma pauperis* subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony to proving the indigent plaintiff's case. *See Jackson v. Brinker*, No. IP 91-471-C, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); *see also Nesbitt v. Riley*, No. 0:14-2788-RMG-PJG, 2015 WL 1517505, at *3 (D.S.C. Apr. 1, 2015) ("The court's authorization of a subpoena requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena."). However, Plaintiff's *in forma pauperis* status "does not mean that the plaintiff's discovery expenses are underwritten or waived." *Nesbit,* 2015 WL 1517505, at *3. "To the extent Plaintiff wishes to take the depositions of non-defendants, he must still issue subpoenas under Fed. R. Civ. P., notwithstanding Defendants' agreement to allow non-party depositions. *Sykes v. Carroll*, No. CIV.A. 06-72-JJF, 2009 WL 1147902, at *1 (D. Del. Apr. 27, 2009). Plaintiff may not issue subpoenas without paying the required fees. *Id.*; *see also* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the

mileage allowed by law."). Further, depositions require a method of recording which would involve expenses the Court is not authorized to pay. *Sykes,* 2009 WL 1147902, at *1.

Nothing in the record provides the Court with a basis to conclude that Plaintiff has the ability to provide for the costs of his requested depositions. The Clerk of the Court will be directed to send Plaintiff six blank subpoena forms, which Plaintiff shall complete and return to this Court for signature of the Clerk. Plaintiff is then responsible for serving the non-party deponents in compliance with Fed. R. Civ. P. 45(b)(1). Should the Plaintiff request service by the U.S. Marshal, the Court cautions if a court finds that an indigent party's requests for issuance and service of a subpoena directed to a non-party "is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoena." *Jackson*, 1992 WL 404537, at *6. Any request for service by the U.S. Marshal must include a memorandum demonstrating the relevance and materiality of the information requested and the necessity of the particular testimony to prove Plaintiff's case, as well as how he will provide the necessary costs related to the depositions.

Accordingly,

**IT IS HEREBY ORDERED** that the Docket Text Order dated July 26, 2017 [ECF No. 56] is **VACATED** and Plaintiff's Amended Motion to Serve Subpoenas for Deponents to Appear at a Deposition is **DENIED** for failure to comply with Fed. R. Civ. P. 45.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue to Plaintiff six blank Subpoena to Testify at a Deposition in a Civil Action forms.

**IT IS FINALLY ORDERED** that if Plaintiff submits a request for service by the United States Marshals Service, Plaintiff must also submit a memorandum demonstrating the relevance and materiality of the information requested, the necessity of the particular testimony to prove Plaintiff's case for each proposed deponent, and how he will provide the necessary costs related to the depositions.

Dated this 28th day of July, 2017.

*[signature: Ronnie L. White]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**