UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOSEPH LAMONT FRENCH, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:16CV1654 RLW |
| CENTRAL CREDIT SERVICES, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 81). Also pending are *pro se* Plaintiff's Motion for Partial Summary Judgment (ECF No. 85) and supplemental memoranda (ECF Nos. 94, 98), as well as Defendants' Motion to Strike Plaintiff's Memorandum Supplementing Plaintiff's Motion for Partial Summary Judgment (ECF No. 97).

## I. Background

On October 24, 2016, Plaintiff filed a Complaint in federal court alleging claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and in violation of the Equal Pay Act, 29 U.S.C. §§ 201, *et seq*. According to the Complaint, Plaintiff was an employee of Defendant Central Credit Services (CCS).[1] (Compl. ¶ I, ECF No. 1) He was terminated from employment on September 26, 2014. (*Id.* at ¶ IV) Plaintiff contends that Defendants awarded his successor, a female, a higher salary in violation of the Equal Pay Act and Title VII. (*Id.* at ¶ I) Further, Plaintiff avers that his supervisor created a hostile work

---

[1] Plaintiff avers that Defendant Radius Global Solutions, LLC purchased Defendant Integrity Solution Services, Inc. and changed the name to Central Credit Services. (Compl. ¶ IV, ECF No. 1) Plaintiff has named all three companies as Defendants in this case (collectively "Defendants").

environment in an effort to constructively discharge Plaintiff. (*Id.*) In addition, Plaintiff claims he was subjected to retaliatory harassment for complaining of compensation discrimination and harassment, which resulted in his wrongful termination. (*Id.* at ¶ IV) Plaintiff seeks monetary damages in excess of $5 Million, including punitive damages, from Defendants for intentional compensation discrimination and wrongful termination. (*Id.* at ¶ VI)

In support of their Motion for Summary Judgment, Defendants submitted a Statement of Uncontroverted Facts. (ECF No. 82) Plaintiff has not filed an opposition to Defendants' motion, nor has he specifically controverted Defendants' statement of facts. Under the Local Rules of the United States District Court for the Eastern District of Missouri:

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E). Because Plaintiff has not complied with the Court's local rules, the Court deems Defendants' statement of facts as admitted in addressing the summary judgment motion.[2]

On March 7, 2014, Plaintiff, an African American male, was hired to work for Defendant debt collection company as an entry level collector/transfer agent in Defendants' call center located in St. Charles, Missouri. (Defs.' Statement of Uncontroverted Material Facts ["SUMF"]

---

[2] The Court acknowledges that Plaintiff is proceeding *pro se*. However, the Court previously advised Plaintiff that as a *pro se* litigant, Plaintiff is required to follow the same rules of procedure, including local court rules, as is a lawyer. (ECF No. 51 p. 4); *see also Like v. Wallace*, No. 1:15CV172 ACL, 2017 WL 1954629, at *1 (E.D. Mo. May 11, 2017) ("status as a *pro se* prisoner does not excuse [plaintiff] from responding to Defendants' Motion with specific factual support for his claims to avoid summary judgment, or from complying with local rules") (internal quotation and citation omitted).

2

¶¶ 1-3, ECF No. 82) His position was eliminated in April 2014, and Plaintiff applied for a dialer systems administrator position. (SUMF ¶ 5) On May 9, 2014, Plaintiff was offered the position as an at-will employee, along with a significant raise. (SUMF ¶¶ 7-10) While employed as a dialer systems administrator, Plaintiff received warnings for failing to load files, being disrespectful, and failing to follow directives. (SUMF ¶¶ 11-12) In addition, email exchanges between Plaintiff's supervisor and co-workers indicates performance concerns and insubordination. (SUMF ¶¶ 13-15) Co-workers reported that Plaintiff had difficulties performing his work and getting along with others. (SUMF ¶¶ 17-22) Plaintiff also refused to train another employee, Jeanne Hawkins. (SUMF ¶¶ 23-24) On September 26, 2014, Defendants terminated Plaintiff's employment. (SUMF ¶ 25)

With respect to Ms. Hawkins, Defendants transferred her from client services to information technology after receiving her resignation, which was in part due to salary. (SUMF ¶¶ 26-32) Defendants offered Ms. Hawkins a position as a dialer administrator at a salary nearly matching a competing offer from another company based on her valued work as a client correspondence representative. (SUMF ¶¶ 30, 32) She was brought into the IT department to better organize and improve the processes associated with the dialer system. (SUMF ¶ 33) Upon Ms. Hawkins' transition to the IT department, Plaintiff was uncooperative and refused to provide her with useful information. (SUMF ¶¶ 33-34)

While employed by Defendants, Plaintiff raised several complaints unrelated to his race or gender. (SUMF ¶¶ 35-36) Plaintiff never reported to management or other co-workers that he felt harassed or discriminated/retaliated against, nor did Plaintiff's co-workers ever witness any harassment, discrimination, or retaliation. (SUMF ¶¶ 37-43) On September 26, 2014, Plaintiff sent an email to the site manager, advising of Plaintiff's termination and thanking him for the work opportunity. (SUMF ¶ 44)

Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights on December 30, 2014, alleging race and sex discrimination and retaliation. (SUMF ¶ 45) He stated that the dates of discrimination took place between September 2, 2014 and September 23, 2014. (SUMF ¶¶ 45-46) He filed a second charge on February 3, 2015, alleging discrimination based on his sex and equal pay. (SUMF ¶¶ 47-48)

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-

4

moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. Self-serving, conclusory statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. *O'Bryan v. KTIV Television,* 64 F.3d 1188, 1191 (8th Cir. 1995). "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (citation omitted).

### III. Discussion

In the present case, Defendants have filed a Motion for Summary Judgment asserting that no genuine issue of material fact exists and that Defendants are entitled to judgment as a matter of law. Plaintiff has filed a Motion for Partial Summary Judgment, claiming that there is no genuine issue of material fact on his Equal Pay Act claim. In his supplemental memoranda, Plaintiff appears to expand his summary judgment motion to his claims of discrimination, harassment, retaliation, and hostile work environment based on race.

#### A. Plaintiff's Equal Pay Act Claims

Plaintiff first asserts that he was paid less than a female co-worker because of his sex. Where allegations of discrimination relate solely to unequal pay for equal work, a plaintiff's claim is governed by the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). *Taylor v. White*, 321 F.3d 710, 716 (8th Cir. 2003) (citation omitted). Under the EPA, "[a] plaintiff must first establish a prima facie case that [men] were paid less than [women] in the same establishment for equal work requiring equal skill, effort, and responsibility and performed under similar working conditions." *Price v. N. States Power Co.,* 664 F.3d 1186, 1191 (8th Cir. 2011) (citation omitted). "If a plaintiff establishes a prima facie case, the burden then shifts to the defendant to

5

prove one of four statutory affirmative defenses." *Id.* (citation omitted). The affirmative defenses require an employer to demonstrate that the wage disparity is explained by "'(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.'" *Id.* (quoting 29 U.S.C. § 206(d)(1)). "Under the EPA, a defendant cannot escape liability merely by articulating a legitimate non-discriminatory reason for the employment action. Rather, the defendant must prove that the pay differential was based on a factor other than sex." *Taylor*, 321 F.3d at 716 (citation omitted).

Here, the Court finds that Plaintiff is unable to establish a prima facie case of unequal pay. Defendants have demonstrated that Ms. Hawkins was hired in the IT department to perform different job duties, including the organization and improvement of the dialer system processes. Plaintiff's job duties included handling the day to day operations of the dialer system. (Hawkins Decl. ¶ 9, ECF No. 82-17) Plaintiff has come forth with no evidence in support of his contention that he was paid less than a female employee for performing equal work.

Assuming, *arguendo*, that Plaintiff could establish a prima facie case, Defendants are nonetheless entitled to summary judgment on Plaintiff's EPA claim. Defendants have presented evidence that Ms. Hawkins' higher pay rate was due to a factor other than sex, namely to match another company's salary offer and retain Ms. Hawkins as an employee due to her valuable skills. (SUMF ¶¶ 29-32) "[A]n employer may consider the market place value of the skills of a particular individual when determining his or her salary." *Horner v. Mary Inst.*, 613 F.2d 706, 714 (8th Cir. 1980) (finding that comparator's experience and ability made him the best person for the job and higher salary was necessary to hire the person, thus constituting a differential based on a factor other than sex); *see also Finke v. Trustees of Purdue Univ.*, No. 1:12-CV-124-JD, 2014 WL 2938384, at *21 (N.D. Ind. June 30, 2014) ("An employer must match or exceed

6

what other potential employers are willing to pay if it wants to hire a capable staff, and a salary that a worker could receive in another job is considered "a factor other than sex" under the EPA."). Thus, Defendants have satisfied a statutory affirmative defense by demonstrating that Ms. Hawkins received a higher wage due to a differential based on a factor other than sex. In short, the Court finds that no genuine issue of material fact exists with respect to Plaintiff's EPA claim. Therefore, Defendants are entitled to judgment as a matter of law on this count.

### B. Hostile Work Environment

Plaintiff also asserts that he was subjected to a hostile work environment based on his protected status as an African American while employed by Defendants. He claims that various co-workers directed vulgar language toward Plaintiff, threatened to terminate his employment, emptied trash on his desk, and slandered his name. (ECF No. 98) To establish a claim for hostile work environment, Plaintiff must show: "(1) he or she belongs to a protected group; (2) he or she was the subject of unwelcome harassment; (3) a causal nexus exists between the harassment and the protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer know or should have known of the harassment and failed to take proper action." *Tademe v. Saint Cloud State Univ.*, 328 F.3d 982, 991 (8th Cir. 2003) (citation omitted).

Defendant asserts that Plaintiff has failed to present sufficient evidence of racially-motivated harassment. "Hostile work environment harassment occurs when 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Singletary v. Missouri Dep't of Corrs.*, 423 F.3d 886, 892 (8th Cir. 2005) (quoting *Tademe*, 328 F.3d at 991). The conduct must be severe as viewed objectively by a reasonable person and subjectively by the alleged victim. *Id.* To determine whether a work

7

environment would be objectively offensive to a reasonable person, courts "examine all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Id.* at 892-93 (citation omitted).

In his Charges of Discrimination, Complaint, and motions and memoranda Plaintiff fails to identify any racially-motivated harassment towards him. Instead, Plaintiff claims he was subjected to general verbal harassment and epithets based on his job performance. (ECF No. 98 pp. 12-13) While Plaintiff appears to have been dissatisfied with his workplace and co-workers, none of the facts presented establish a causal nexus between the alleged harassment and his race. *See Tademe*, 328 F.3d at 991 (finding no hostile work environment where evidence showed that harassment stemmed from inter-departmental politics and personality conflicts and not from actions taken for discriminatory reasons). Thus, summary judgment on Plaintiff's hostile work environment claim is warranted. *See Hannoon v. Fawn Eng'g Corp.*, 324 F.3d 1041, 1047-48 (8th Cir. 2003) (finding mere "instances of a subordinate employee being subjected to the criticism and control of a supervisor" did not involve race).

### C. Retaliation

Finally, Plaintiff claims that Defendants harassed Plaintiff and terminated his employment in retaliation of Plaintiff's complaints regarding pay discrimination and harassment from white employees. (ECF No. 98 p. 1) "Title VII prohibits retaliation against an employee 'because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1020 (8th Cir. 2011) (quoting 42 U.S.C. § 2000e–3(a)). Further, "'[a] plaintiff must show that

the protected conduct was a determinative factor in the employer's materially adverse employment action.'" *Id.* (quoting *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 416 (8th Cir. 2010)). "'To defeat summary judgment on a retaliation claim, a plaintiff must produce either direct evidence of retaliation, or create an inference of retaliation under the *McDonnell Douglas* burden-shifting framework.'" *Id.* (quoting *Young-Losee v. Graphic Packaging Int'l, Inc.*, 631 F.3d 909, 912 (8th Cir. 2011)).

As stated above, Plaintiff's complaints did not involve his race. Construing his Complaint and related memoranda liberally, Plaintiff appears to have lodged complaints pertaining to unequal pay. However, his retaliation claims are not supported by direct evidence; therefore he must create an inference of retaliation to avoid summary judgment. Under the *McDonnell Douglas* burden-shifting framework, an employee establishes a prima facie case of retaliation by demonstrating that "(1) he engaged in protected conduct, (2) he suffered a materially adverse employment action, and (3) the adverse action was causally linked to the protected conduct." *Id.* at 1021. "If an employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its action." *Fercello v. Cty. of Ramsey*, 612 F.3d 1069, 1078 (8th Cir. 2010). If the employer does so, the burden shifts back to the employee to set forth evidence of pretext, "the ultimate question being whether a 'prohibited reason, rather than the proffered reason, actually motivated the employer's action.'" *Id.* (quoting *Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1120 (8th Cir. 2010)).

Here, Plaintiff has failed to make a prima facie case of retaliation. Other than baldly claiming that he was wrongfully terminated in retaliation of internal complaints of compensation discrimination, Plaintiff presents no evidence of a causal connection between his equal pay complaints and his termination. (Compl. ¶ I, ECF No. 1) "[A] party's unsupported, self-serving allegation that his employer's decision was retaliatory does not establish a genuine issue of

9

material fact." *McCann v. New World Pasta Co.*, No. 4:10CV1694 CDP, 2012 WL 1081067, at *8 (E.D. Mo. Mar. 30, 2012) (citations omitted). Because Plaintiff is unable to establish a prima facie case of retaliation, no reasonable jury could find in his favor, and his claim fails as a matter of law. *Id.* Therefore, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 81) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (ECF No. 85) is **DENIED.**

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike (ECF No. 97) is **DENIED** as **MOOT.** A separate Judgment will accompany this Memorandum and Order.

Dated this 7th day of June, 2018.

*[signature]*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**